# IN THE SUPREME COURT OF IOWA

No. 13–1372

Filed May 9, 2014

**EDWARD P. HAGEN,**

Appellee,

vs.

**SIOUXLAND OBSTETRICS & GYNECOLOGY, P.C.,** an Iowa Corporation, **PAUL J. EASTMAN, TAUHNI T. HUNT,** and **ANGELA J. ALDRICH,**

Appellants.

---

Certified questions of law from the United States District Court for the Northern District of Iowa, Mark W. Bennett, Judge.

Certified questions from the United States District Court for the Northern District of Iowa concerning a claim for wrongful discharge from employment in violation of public policy. **ANSWERS TO QUESTIONS DECLINED.**

Jeff W. Wright and Joel D. Vos of Heidman Law Firm, L.L.P., Sioux City, for appellants.

Stanley E. Munger and Jay E. Denne of Munger, Reinschmidt & Denne, L.L.P., Sioux City, for appellee.

**PER CURIAM**.

The Federal District Court for the Northern District of Iowa certified three questions to this court. The questions are as follows:

> **Certified Question 1:** Does Iowa law recognize any of the following conduct as protected conduct on which a doctor-employee can base a claim for wrongful discharge in violation of Iowa public policy?:
>
> > (a) A doctor reporting, stating an intention to report, or stating that he might report, to a hospital, conduct of nurses that the doctor believed may have involved wrongful acts or omissions;
> >
> > (b) A doctor disclosing to a patient or a patient's family that the patient may have been the victim of negligent care or malpractice; or
> >
> > (c) A doctor consulting with an attorney, stating an intention to consult with an attorney, or stating that he might consult with an attorney, about whether another doctor or nurses had committed wrongful acts or omissions that the doctor should report to the Iowa Board of Medicine or a hospital.
>
> **Certified Question 2:** Does Iowa law allow a contractual employee to bring a claim for wrongful discharge in violation of Iowa public policy, or is the tort available only to at-will employees?
>
> **Certified Question 3:** Under Iowa law, is an employer's lack of an "overriding business justification" for firing an employee an independent element of a wrongful discharge claim, or is that element implicit in the element requiring that an employee's protected activity be the determining factor in the employer's decision to fire the employee?

After reviewing the record and considering the arguments presented, the justices are equally divided on the first certified question. Cady, C.J., Wiggins and Appel, JJ., would answer the first certified question in the affirmative. Waterman, Mansfield, and Zager, JJ., would answer the first certified question in the negative. Hecht, J., takes no part. Because a negative answer to the first question would be dispositive of the case, we will not answer the second or third certified question when the court is equally divided on the answer to the first

certified question. *Life Investors Ins. Co. of Am. v. Estate of Corrado*, 838 N.W.2d 640, 647 (Iowa 2013).

Therefore, we return the questions to the Federal District Court for the Northern District of Iowa without answers.

**ANSWERS TO QUESTIONS DECLINED.**

This opinion shall not be published.